**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

MARZINE MOORE II,

      Plaintiff,

        v.

INDIANA CHILD SUPPORT BUREAU, et
al.,

      Defendants.

CASE NO. 1:26-CV-115-HAB-ALT

**OPINION AND ORDER**

Pro se Plaintiff Marzine Moore II ("Moore") filed a civil rights complaint against a host of

individuals and entities—some private parties and others government actors, some in Indiana and

others in Arizona—for unlawful wage garnishment and "Negligence/Administrative Misconduct"

that arose from two Indiana child support cases against Moore. (ECF No. 1). Along with his

Complaint, Moore also filed a motion to proceed in forma pauperis ("IFP"). (ECF No. 2).

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28

U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides

indigent litigants an opportunity for meaningful access to the federal courts despite their inability

to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989).

To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the

litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the

action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).  In a Chapter

7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has

income less than 150 percent of the income official poverty line. . ..” 28 U.S.C. § 1930(f)(1).[1] This is not a Bankruptcy case, but the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) (“Courts have wide discretion to decide whether a litigant is impoverished.”). The Poverty Line is set annually by the United States Department of Health and Human Services. 42 U.S.C. § 9902.

This Court has an approved form for litigants who wish to proceed IFP, but Moore has instead opted to draft his own affidavit. (ECF No. 2). In that filing, Moore attests he is employed with a monthly income of $2,000 (with wages of $20 per hour), that he has only one asset—a single vehicle with an estimated worth of approximately $10,000—and less than $250 of cash on hand or in his bank account. Moore further indicates he has substantial monthly expenses which account for all (if not more) of his monthly income, over $120,000 in debt, and that he has five dependents. Given these representations, Moore has demonstrated that he cannot pay the filing fee.

The Court's inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

---

[1] S*ee* https://www.uscourts.gov/sites/default/files/document/poverty-guidelines.pdf (150% Poverty Guideline table).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moore's Complaint need not provide overly detailed factual allegations, but he must provide enough factual support to raise his right to relief above a speculative level. *Twombly*, 550 U.S. at 555. His complaint must provide more than "unadorned the-defendant[s]-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Moore alleges multiple claims against Defendants for alleged violations of his rights in connection with two Indiana child support actions filed against Moore while he was residing in Arizona. Because he attests he never received proper service for these two actions, he believes the state court lacked personal jurisdiction over him and that the actions ordered against him— including wage garnishment—were in violation of due process. He further alleges that the Defendants "had a duty to verify lawful service and jurisdiction before enforcing any order" and that the "Defendants breached that duty by enforcing a judgment entered without proper service of process." (ECF No. 1 at 3). Moore asks this Court to grant him compensatory damages of $100 million for the unlawful garnishment, damages for emotional distress and mental suffering, and "restitution of all wages unlawfully garnished." (*Id.*)

Unfortunately, Moore's Complaint suffers from several fatal deficiencies. First, many Defendants listed are actors or entities which cannot be sued for violations of federal law under Section 1983. For instance, Moore cannot pursue claims against any judge who presided over the state court proceedings because they are immune from liability for actions taken in their official

3

roles. *Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012); *Imbler v. Pachtman*, 424 U.S. 409, 422–24 (1976). Likewise, the states listed and their agencies—such as the Indiana Child Support Bureau and the Department of Child Services—are immune from suit under the Eleventh Amendment. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Roberts v. Indiana Bureau of Motor Vehicles*, 2011 WL 6943092, at \*1 (S.D. Ind. Dec. 15, 2011) ("The doctrine of sovereign immunity is embodied in the Eleventh Amendment and bars private lawsuits in federal court against nonconsenting states, state agencies, or state officials acting in their official capacities."). Additionally, municipalities such as the cities of Fort Wayne, Indianapolis, Phoenix, and Mesa, as well as Allen County and its many offices listed by Moore, may only be held liable for constitutional violations caused by the municipality through its own policy, practice, or custom, but Moore has not alleged that his injuries are the result of any policy, practice, or custom of any municipality listed. *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978). And finally, Moore cannot pursue Section 1983 claims against private lawyers because none of them are state actors. 42 U.S.C. § 1983; *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).

But even if Moore had listed any Defendants capable of being sued under section 1983, the Court *still* would not have jurisdiction to adjudicate his claims for two additional reasons. Though Moore is challenging alleged due process violations, he is asking this Court to review and reverse the state court's decision ordering him to pay child support and garnishing his wages. The *Rooker-Feldman* doctrine generally bars a district court from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of that judgment." *Exxon Mobil v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005); *see*

4

*also Homola v. McNamara*, 59 F.3d 647, 650 (7th Cir. 1995). Moore's injuries are the result of a state court judgment, and granting his requested relief would essentially reverse or void that judgment. *See Taylor v. Federal Nat. Mortg. Ass'n,* 374 F.3d 529, 532-34 (7th Cir. 2004). And this Court has no jurisdiction to review the decisions of the Indiana state courts regarding Moore's child support obligations, even if the state court's decision was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) ("United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions . . . even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in this Court.") (citing 28 U.S.C. § 1257); *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) ("[N]o matter how erroneous or unconstitutional the state court judgment may be, only the Supreme Court of the United States has jurisdiction to review it.") (citation omitted).

Moreover, even if the Court did have subject matter jurisdiction, Moore's claims fall under the domestic-relations exception, which "discourages federal courts from hearing cases—including both diversity and federal-question lawsuits—that would traditionally fall within the ambit of domestic-relations or family courts.". *Royal v. Wheeler*, No. 1:18-CV-412, 2019 WL 8334502, at *3 n.1 (N.D. Ind. Jan. 3, 2019) (quoting *Liggins v. Ind. Child Support Bureau*, No. 3:18-CV-486, 2018 WL 4053402, at *2 (N.D. Ind. Aug. 24, 2018)). This exception "precludes federal jurisdiction when a plaintiff seeks 'one or more of the distinctive forms of relief associated with the domestic relations jurisdiction: the granting of a divorce or an annulment, an award of child custody, a decree of alimony or child support.'" *Dawaji v. Askar*, 618 Fed. App'x 848, 860 (7th Cir. 2015) (quoting *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998). Because Moore asks the Court to dive into a state court child support order and overturn that decision, the domestic relations exception applies, and this Court does not have jurisdiction.

Although courts generally permit civil plaintiffs at least one opportunity "to amend after dismissing a complaint, that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. App'x 346, 348 (7th Cir. 2016).  Because Moore has no non-frivolous claims against any of the named defendants that can be pursued in federal court, the Court will deny his request to proceed IFP and dismiss his case without leave to amend.

### CONCLUSION

Moore's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) is DENIED and the Complaint (ECF No. 1) is DISMISSED without leave to amend.

**SO ORDERED** on April 6, 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT